Abel GHIRMAI, Plaintiff—Appellant,

v.

NORTHWEST AIRLINES, INC.,
a Minnesota corporation,
Defendant—Appellee.

No. 03–35828.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 3, 2005.

Decided May 17, 2005.

Abraham Albert Arditi, Esq., Seattle, WA, for Plaintiff—Appellant.

Steven H. Winterbauer, Esq., Kenneth J. Diamond, Esq., Winterbauer & Diamond P.L.L.C., Seattle, WA, for Defendant—Appellee.

Before: WALLACE, SILVERMAN, and PAEZ, Circuit Judges.

MEMORANDUM *

Abel Ghirmai appeals the district court's grant of Northwest Airlines's summary judgment motion dismissing his claims of race and national origin discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the Washington Law Against Discrimination, RCW § 49.60. We review the district court's grant of summary judgment de novo. *Porter v. Cal. Dept. of Corr.*, 383 F.3d 1018, 1024 (9th Cir.2004).

Viewing the evidence in the light most favorable to Ghirmai, we conclude that there are genuine issues of material fact and reverse the grant of summary judgment as to Ghirmai's disparate treatment claim. *See Stegall v. Citadel Broad. Co.*, 350 F.3d 1061, 1065 (9th Cir.2003). We affirm the district court's grant of summary judgment as to Ghirmai's retaliation claim.

### I.

■ Under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), Ghirmai established a prima facie case of national origin and race discrimination. *See Aragon v. Republic Silver State Disposal Inc.*, 292 F.3d 654, 658–60 (9th Cir.2002). "The burden therefore shifted to respondent to 'produc[e] evidence that the plaintiff was rejected, or someone else was preferred, for a legitimate, nondiscriminatory reason.'" *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 142, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (quoting *Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254, 101

S.Ct. 1089, 67 L.Ed.2d 207 (1981)) (alteration in original). Northwest's alleged nondiscriminatory reason for terminating Ghirmai was that it needed to reduce its workforce and, among the assistant managers, Ghirmai received the lowest raw overall performance rating on the 2001 mid-year review.

Once the defendant has proffered a reason for the termination, the "plaintiff can prove pretext in two ways: (1) indirectly, by showing that the employer's proffered explanation is 'unworthy of credence' because it is internally inconsistent or otherwise not believable, or (2) directly, by showing that unlawful discrimination more likely motivated the employer." *Chuang v. Univ. of Cal. Davis*, 225 F.3d 1115, 1127 (9th Cir.2000).

Ghirmai first contends that Felicia Jones's explanation of the procedure she used to determine which managers would be terminated was internally inconsistent and unworthy of credence. Although Jones's use of raw rather than rounded scores does not establish pretext, the way in which Jones adjusted Karen Cline's evaluation rating and the discrepancies in the computation of the Sales Performance Managers' ratings raise genuine issues of fact as to pretext. In addition, Ghirmai presented evidence that Jones commented about his accent, even though his accent did not impede his job performance. Drawing all reasonable inferences in the light most favorable to Ghirmai, this evidence raises triable issues regarding Jones's motivation in selecting Ghirmai for termination. *See Fonseca v. Sysco Food Serv. of Ariz.*, 374 F.3d 840, 849–50 (9th Cir.2004); *Raad v. Fairbanks North Star Borough Sch. Dist.*, 323 F.3d 1185, 1194 (9th Cir.2003). We conclude that the evi-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

dence Ghirmai has offered, in the aggregate, presents genuine issues of material fact as to whether Ghirmai's termination constituted disparate treatment on the basis of race, ethnicity, or national origin.[1]

## II.

■ We affirm the district court's grant of summary judgment as to Ghirmai's retaliation claim. To establish a prima facie case of retaliation, Ghirmai must establish that "(1) he engaged in a protected activity; (2) he suffered an adverse employment decision; and (3) there was a causal link between the protected activity and the adverse employment decision." *Villiarimo v. Aloha Island Air. Inc.,* 281 F.3d 1054, 1064 (9th Cir.2002).

Ghirmai first contends that he was terminated in retaliation for filing his first lawsuit. The lawsuit, however, was filed over three years before his termination and settled nineteen months before his termination. Ghirmai is therefore unable to establish a causal link between the protected activity and the adverse employment action. *See Clark County Sch. Dist. v. Breeden,* 532 U.S. 268, 273, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001). Ghirmai also contends that he was terminated in retaliation for his internal complaints. Although "an informal complaint to a supervisor is [ ] a protected activity," *Ray v. Henderson,* 217 F.3d 1234, 1240 n. 3 (9th Cir.2000), and Ghirmai's final complaint was within three months of his termination, the intervening events, such as Jones's positive reviews

and assistance, breack the causal connection. *See Manatt v. Bank of Am., NA,* 339 F.3d 792, 802 (9th Cir.2003). Thus, Ghirmai is unable to establish a prima facie case of retaliation.

AFFIRMED in part and REVERSED in part.

The parties shall bear their own costs on appeal.

---

1. Because we analyze Washington state claims along with federal employment discrimination claims, *Stegall,* 350 F.3d at 1065, we also reverse the district court's summary judgment ruling dismissing Ghirmai's disparate treatment claim under the Washington Law Against Discrimination, RCW § 49.60. In addition, claims of disparate treatment under § 1981 follow the same legal principles as those applicable in Title VII cases. *Fonseca,*

374 F.3d at 850. Although national origin discrimination is not within the ambit of § 1981, race has been defined broadly to cover immigrant ethnic groups. *Id.* Accordingly, we also reverse the dismissal of Ghirmai's disparate treatment claim under § 1981.

